IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| KAY LARA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FINANCIAL RECOVERY SERVICES, INC., | ) ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, KAY LARA, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, FINANCIAL RECOVERY SERVICES, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. KAY LARA, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Waterloo, County of Black Hawk, State of Iowa

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Credit One Bank (hereinafter, "COB").

1

6. The debt that Plaintiff allegedly owed COB was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. FINANCIAL RECOVERY SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Iowa. Defendant is incorporated in the State of Minnesota.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. In or around October 2011, Plaintiff engaged in a telephone conversation with Defendant wherein Defendant attempted to collect a debt Plaintiff allegedly owed to COB.

15. During the course of the aforesaid telephone conversation, Defendant's duly authorized representative told Plaintiff that she had to enter into a payment arrangement with Defendant relative to the debt on which Defendant was attempting to collect.

16. Defendant further told Plaintiff that if she did not enter into a payment arrangement with Defendant then steps would be taken so that Plaintiff's wages would be garnished.

17. Defendant's representation that it would take steps to garnish Plaintiff's wages unless she entered into a payment arrangement with Defendant had the effect of conveying to an unsophisticated consumer that if Plaintiff did not enter into a payment arrangement with Defendant then Plaintiff's wages would be summarily garnished.

18. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the debt she allegedly owed.

19. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the debt she allegedly owed.

20. The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

21. Due to Defendant's representations that Plaintiff's wages would be garnished if she did not enter into a payment arrangement with Defendant, in or around October 2011, subsequent to the parties having engaged in the aforesaid telephone call, Plaintiff set up a payment arrangement with Defendant.

22. The payment arrangement entered into between the parties required Plaintiff to make a monthly payment of $25.00 to Defendant relative to the debt on which Defendant was attempting to collect.

23. Plaintiff made a payment to Defendant in October 2011, towards the debt she allegedly owed to COB.

24. The payment Plaintiff made to Defendant in October 2011, was made in accordance with the payment arrangement entered into between the parties.

25. Plaintiff made a payment to Defendant in November 2011, towards the debt she allegedly owed to COB.

26. The payment Plaintiff made to Defendant in November 2011, was made in accordance with the payment arrangement entered into between the parties.

27. Plaintiff made a payment to Defendant in December 2011, towards the debt she allegedly owed to COB.

28. The payment Plaintiff made to Defendant in December 2011, was made in accordance with the payment arrangement entered into between the parties.

29. In October 2011 through December 2011, Plaintiff's bank had sent checks to Defendant so that Plaintiff could make the aforesaid payments.

30. In or around January 2012, Plaintiff ascertained that her bank had failed to send to Defendant her monthly payment that was due in January 2012.

31. Subsequent to Plaintiff having ascertained that her payment was not sent to Defendant, in or around January 2012, Plaintiff initiated a telephone call to Defendant to advise Defendant that her bank had not sent the payment to Defendant.

32. Defendant informed Plaintiff that she could provide Defendant with the payment within the next (7) days.

33. Plaintiff was unable to make a payment to Defendant within the aforesaid time period.

34. In or around February 2012, Defendant initiated a telephone call to Plaintiff in a further attempt to collect the debt she allegedly owed to COB.

35. Defendant told Plaintiff that she had failed to make her last month's payment to Defendant.

36. Defendant told Plaintiff that she had to make a payment to Defendant relative to the payment she had missed.

37. Plaintiff informed Defendant that she did not have sufficient funds at that time to make a payment to Defendant.

38. Defendant responded by telling Plaintiff she should contact someone from whom she could borrow money so that she could pay Defendant.

39. Defendant then provided Plaintiff with the names of various individuals whom Plaintiff should contact to borrow money.

40. Defendant told Plaintiff that she should contact her parents to borrow funds from them so that Plaintiff could pay Defendant.

41. Defendant identified Plaintiff's parents by their names.

42. Defendant then told Plaintiff she should contact her siblings to borrow funds from them so that Plaintiff could pay Defendant.

43. Defendant then identified two (2) of Plaintiff's siblings by their names.

5

44. Defendant then provided Plaintiff with the name of a male that Plaintiff should contact to borrow money.

45. The male Defendant identified, as delineated in the paragraph above, was Plaintiff's ex-boyfriend.

46. During the course of the aforesaid telephone conversation, Defendant continued to list the names of individuals whom Plaintiff should contact so that she could borrow funds so that she could pay Defendant.

47. Defendant provided Plaintiff with the name of Plaintiff's grandmother's former business partner.

48. Defendant provided Plaintiff with the name of Plaintiff's grandmother's former business partner's grandson.

49. Plaintiff's grandmother had not engaged in business with her former business partner in approximately twenty (20) years.

50. During the course of the aforesaid telephone conversation, subsequent to Defendant having provided Plaintiff with the names of Plaintiff's friends and family members, as delineated above, Defendant continued to attempt to collect the debt Plaintiff allegedly owed to COB.

51. Plaintiff asked Defendant how it had obtained the information regarding her friends and family members.

52. Defendant responded by informing Plaintiff that it had done research on Plaintiff.

53. Defendant further told Plaintiff that it knew where she worked and that it knew where she lived.

54. Defendant's representations that it had done research on Plaintiff, in conjunction with Defendant telling Plaintiff it knew where she worked, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not make a payment to Defendant then Defendant would contact Plaintiff's co-workers at her place of employment in order to seek payment relative to the debt Plaintiff allegedly owed.

55. Defendant's representations that it had done research on Plaintiff, in conjunction with Defendant having listed various friends and family members of Plaintiff, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not make a payment to Defendant then Defendant would contact Plaintiff's friends and family members in order to seek payment relative to the debt Plaintiff allegedly owed.

56. Defendant's conduct in listing various friends and family members whom Plaintiff was to contact to borrow money was conduct that Plaintiff found to be abusive and harassing.

57. Defendant's conduct in threatening to contact Plaintiff's co-workers to seek payment relative to the debt on which it was attempting to collect was conduct that Plaintiff found to be abusive and harassing.

58. Defendant's conduct in listing various friends and family members whom Plaintiff was to contact to borrow money so that she could pay Defendant was conduct that was unfair and/or unconscionable.

59. Defendant's conduct in threatening to contact Plaintiff's co-workers to seek payment relative to the debt on which it was attempting to collect was conduct that was unfair and/or unconscionable.

60. Defendant's conduct in listing various friends and family members whom Plaintiff was to contact to borrow money was done in an attempt to coerce Plaintiff into making a payment to Defendant.

61. Defendant's conduct in threatening to contact Plaintiff's co-workers to seek payment relative to the debt on which it was attempting to collect was done in an attempt to coerce Plaintiff into making a payment to Defendant.

62. In its attempts to collect the debt allegedly owed by Plaintiff to COB, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

   c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   e. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

   f. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

   g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

63. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     JURY DEMAND

64. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KAY LARA, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**KAY LARA**

By:    s/ David Steen
       Attorney for Plaintiff

Dated: April 23, 2012

David J. Steen (AT0009574)
LARRY P. SMITH & ASSOCIATES, LTD.
614 East Street
Hartford, IA 50118
Direct Dial: (515) 418-9321
Facsimile: (888) 418-1277
E-Mail: dsteen@smithlaw.us